# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSEPH EDWIN CLARK, | ) |
| Petitioner, | ) |
| vs. | ) CIVIL NO. 08-cv-127-MJR |
| W. A. SHERROD, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

This cause is before the Court on Petitioner's motion to proceed *in forma pauperis*. Petitioner, an inmate in the Federal Correctional Institution in Greenville, Illinois. brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge his 2001 conviction in the United States District Court for the Eastern District of Missouri.

Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that Petitioner is not entitled to relief, and the petition must be dismissed.

In 2001, Petitioner was sentenced to 188 months in prison following his guilty plea of being a felon in possession of a firearm. *United States v. Clark*, Case No. 00-cr-424-JCH (E.D. Mo., filed Sept. 20, 2000). He did not appeal his conviction or sentence, but in 2004 he sought relief,

unsuccessfully, pursuant to 28 U.S.C. § 2255. *Clark v. United States*, Case No. 02-cv-776-JCH (E.D. Mo., filed May 28, 2002), *appeal dismissed*, App. No. 04-3417 (8th Cir., filed Oct. 4, 2004), *cert. denied*, 546 U.S. 1216 (2006). Now he has come to this Court. In his petition, he claims that he was classified wrongly as an armed career criminal due to improper calculation of his criminal history.

Normally a person may challenge his federal conviction only by means of a motion brought before the sentencing court pursuant to 28 U.S.C. § 2255, and this remedy normally supersedes the writ of habeas corpus. A Section 2241 petition by a federal prisoner is generally limited to challenges to the execution of the sentence. *Valona v. United States,* 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt,* 951 F.2d 126, 129 (7th Cir. 1991). However, a petition challenging the conviction may be brought pursuant to 28 U.S.C. § 2241 if the remedy provided by 28 U.S.C. § 2255 is inadequate or ineffective. *See also Waletski v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994) ("prisoner who challenges his federal conviction or sentence cannot use [§ 2241] at all but instead must proceed under 28 U.S.C. § 2255.").

Petitioner contends that he is one of those for whom the Section 2255 motion is inadequate or ineffective to test the legality of his detention. However, the fact that Petitioner may be barred from bringing a second Section 2255 petition is not, in itself, sufficient to render it an inadequate remedy. *In re Davenport,* 147 F.3d 605, 609-10 (7th Cir. 1998) (§ 2255 limitation on filing successive motions does not render it an inadequate remedy for a prisoner who had filed a prior Section 2255 motion). Instead, a petitioner under Section 2241 must demonstrate the inability of a Section 2255 motion to cure the defect in the conviction.

In *Davenport*, the Seventh Circuit considered the meaning of "inadequacy" for purposes of § 2255. The Circuit stated that "[a] procedure for post-conviction relief can fairly be termed

inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as ***having been imprisoned for a nonexistent offense***." *Davenport,* 147 F.3d at 611 (emphasis added). The Circuit later clarified this standard, stating that actual innocence is established when a petitioner can "admit everything charged in [the] indictment, but the conduct no longer amount[s] to a crime under the statutes (as correctly understood)." *Kramer v. Olson*, 347 F.3d 214, 218 (7th Cir. 2003).

Such is not the case here. Petitioner does not suggest that the charged conduct is no longer a crime. To the contrary, Petitioner merely asserts that a 2007 amendment to the Sentencing Guidelines[1] invalidates his sentence enhancement as an armed career criminal. His argument is simple: on October 5, 1988, in the Circuit Court of Warren County, Missouri, he was sentenced on six convictions for burglary-type offenses. He believes that because all six sentences were meted out during one hearing, these six convictions should be deemed "related offenses" for purposes of computing his criminal history. Thus, these six should only count as one prior offense.

Petitioner raised this exact same argument in his 2255 motion. As stated by that court, "the cases proceeded to sentencing under separate docket numbers and ... separate judgments were entered for each offense." Moreover, "[a]lthough all of Movant's burglary convictions appear to have involved the unlawful entry into a building for the purpose of stealing therein, ... , the offenses took place at different locations over the course of more than two years and involved different

---

[1] As quoted in the instant petition (Doc. 1-3, p. 11), the USSG amendment in question states,

> [i]f prior sentences were for offenses that were not separated by an intervening arrest, the sentences are to be counted as separate sentences unless the sentences (1) were for offenses that were named in the same charging document, or (2) were imposed on the same day. In either of these situation they are treated as a single sentence."

U.S.S.G. § 4A1.2.

victims." (*See* Doc. 1-3, pp. 37-38.) Thus, Petitioner's prior convictions could not be considered as "related offenses" for purposes of computing his criminal history.

Petitioner now claims that he was arrested for all six offenses at the same time, thus no "intervening arrest" occurred between offenses, and his sentences were "imposed on the same day." He then argues that this 2007 amendment should be applied retroactively to invalidate his sentence enhancement for his criminal history. What Petitioner overlooks is Application Note 3:

> <u>Upward Departure Provision.</u>— Counting multiple prior sentences as a single sentence may result in a criminal history score that underrepresents the seriousness of the defendant's criminal history and the danger that the defendant presents to the public. In such a case, an upward departure may be warranted. For example, if a defendant was convicted of a number of serious non-violent offenses committed on different occasions, and the resulting sentences were counted as a single sentence because either the sentences resulted form offenses contained in the same charging instrument or the defendant was sentenced for these offenses on the same day, the assignment of a single set of points may not adequately reflect the seriousness of the defendant's criminal history or the frequency with which the defendant has committed crimes.

Thus, if Petitioner were to admit everything charged in the indictment (Exhibit J, Doc. 1-3, pp. 31-33), as he in fact did by pleading guilty to the charges, he cannot claim that the conduct charged no longer constitutes a crime. Nor can he claim that multiple burglaries committed over a two-year period do not constitute separate crimes.

Therefore, Section 2241 cannot provide Petitioner with the desired relief, and this action is summarily **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

**DATED this 10th day of June, 2008.**

                                                 **s/ Michael J. Reagan**
                                                 **MICHAEL J. REAGAN**
                                                 **United States District Judge**